IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NICHOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-134-SLR |
| | ) |
| CPL. RAMONE CARTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 17th day of September, 2009, having considered plaintiff's motions for preliminary injunction, temporary restraining order, and request for counsel (D.I. 7, 11), and the papers submitted thereto;

IT IS ORDERED, as follows:

1. **Introduction**. Plaintiff John Nicholas, a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. On April 15 and May 27, 2009, he filed motions seeking injunctive relief to stop defendants from transferring him to the Level IV Crest Program and to preclude internal affairs investigator Steve Rogers from questioning him a second time. (D.I. 7, 11)

2. **Background**. The complaint alleges that plaintiff was sexually assaulted by his cell-mate on October 13, 2008, despite his requests for protection. In his motion for a preliminary injunction, filed April 15, 2009, plaintiff alleges that he suffers from mental illness, is in protective custody, and fears for his life. He was scheduled for a transfer to the Level IV Crest Program, a population unit program, with the transfer to take place

on June 14, 2009. (D.I. 7) The motion asks the court to stop the transfer because it will affect his mental health. Plaintiff also makes a passing request for counsel. Subsequent to filing the motion, plaintiff was transferred to the Central Violation of Probation to begin serving the Crest portion of his sentence, but he refused to participate in the program. (D.I. 22, ex. 1) He was found in violation of probation and resentenced. (*Id.* at exs. 1, 2) The resentencing order makes no reference to participation in the Crest Program. (*Id.* at ex. 2)

3. In his motion for a temporary restraining order, filed May 27, 2009, plaintiff asks the court to stop internal affairs investigator Steve Rogers ("Rogers") from interrogating him a second time. (D.I. 11) Rogers had interviewed plaintiff on May 22, 2009 and, according to plaintiff, during the interrogation he began to choke plaintiff in an effort to intimidate him to speak. Because he was scared, plaintiff complied and spoke to Rogers about his complaint. Rogers states that he met with plaintiff to interview him regarding his allegations of sexual assault or sexual contact, he did not threaten, choke, or have any physical contact with him. (D.I. 22, ex. 3) Rogers states that plaintiff spoke freely about his allegations. (*Id.*) Delaware Department of Correction ("DOC") Policy 8.60 provides that allegations of inmate on inmate sexual assault or sexual activity will be investigated at the institutional level and may be transferred to internal affairs at the request of the warden. (D.I. 22, ex. 4)

4. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable

harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) The elements also apply to temporary restraining orders. See *NutriSweet Co.*, 112 F.3d at 693 (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id*. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

5. **Discussion**. Plaintiff's motion for a preliminary injunction will be **denied** as **moot**. (D.I. 7) The record reflects that plaintiff was found in violation of probation and the violation of probation sentence order, unlike the initial sentence order, makes no reference to participation or attendance in the Crest Program. Inasmuch as plaintiff will no longer be a participant in the Crest Program, his request for relief is moot.

6. Plaintiff's motion for a temporary restraining order will also be **denied**. (D.I. 11) A review of the record indicates that plaintiff has not satisfied the criteria for a temporary restraining order. Initially the court notes that plaintiff and Rogers have discrepant views of the events that took place at the time Rogers investigated plaintiff's complaints of sexual assault. Additionally, the record does not reflect that Rogers intends to interrogate plaintiff a second time. Finally, DOC regulations provide for the

investigation of allegations of prisoner on prisoner assault, and the court will not interfere with the investigation of the alleged assault by the prison administration. Based upon the above, the court finds that plaintiff has not shown that he is likely to succeed on the merits.

7. **Request for Counsel.** Plaintiff makes a passing request for counsel on the grounds that he has no knowledge of the law. (D.I. 7) Plaintiff's request for counsel is **denied** without prejudice. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

8. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

9. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. This case is in its early stages and, to date, plaintiff has demonstrated an ability to present his claims. There is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

10. **Conclusion**. The motion for preliminary injunction is **denied** as **moot** and request for counsel is **denied** without prejudice. (D.I. 7) The motion for a temporary restraining order is **denied**. (D.I. 11)

_____
UNITED STATES DISTRICT JUDGE