IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NICHOLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-134-SLR |
| ) | |
| CPL RAMONE CARTER, ) | |
| LT. LANCASTER, C/O JOHN DOE, ) | |
| MS. QUEEN, and C/O DUTTON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of December, 2009, having considered plaintiff's motion for appointment of counsel and defendants' motions for leave to depose plaintiff as well as the papers submitted in connection therewith;

IT IS ORDERED that: (1) plaintiff's motion for appointment of counsel (D.I. 29) is denied without prejudice to renew; and (2) defendants' motions (D.I. 28, 35) are granted for the reasons that follow:

1. **Appointment of Counsel.** Plaintiff, a pro se inmate presently incarcerated at the Sussex Correctional Institution, filed this 42 U.S.C. § 1983 action on March 3, 2009. (D.I. 2) Plaintiff has filed a motion for appointment of counsel, asserting that: (1) he is unable to prosecute the action because he has no assess to his medical or his institutional records; (2) he is not skilled at legal research; (3) he did not attend school

beyond 5th grade; and (4) he is unable to complete discovery by the January 2010 deadline. Defendants have not filed a response to plaintiff's motion.

    2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F. 2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

    4. Having reviewed plaintiff's request in light of the aforementioned authority, the court finds that appointment of counsel is not warranted at this time. The record

reflects various papers and pleadings submitted by plaintiff that demonstrate an ability to coherently present his claims and requests for relief. (*See, e.g.*, D.I. 11, 30) Moreover, the legal issues at bar are not so complex that plaintiff's averred inability to marshal persuasive arguments will hamper the court from evaluating the facts and applying the law. Plaintiff's motion for appointment of counsel may be renewed after the resolution of any pending motions for summary judgment.

5. **Motions for Leave to Depose Plaintiff**. Pursuant to Fed. R. Civ. P. 30(a), defendants move for leave to depose plaintiff before the expiration of the discovery deadline on January 4, 2010. (D.I. 27) Considering that plaintiff is confined to a prison and defendants have demonstrated good cause, the court finds that R. 30(a)(2)(B) has been satisfied and;

IT IS ORDERED that defendants' motions are granted and plaintiff shall be deposed before **January 4, 2010.**

United States District Judge